UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X

JULIUS K. McINTYRE,

                Plaintiff,                    **MEMORANDUM AND ORDER**

    -against-                                    09-CV-003394 (ARR)

THE STATE OF NEW YORK; M.T.A./
NEW YORK CITY TRANSIT AUTHORITY;        NOT FOR PRINT OR
RAYMOND SILVERY; DONALD FOY;            ELECTRONIC
GERALD MACK; JEFF KETCHUM;                PUBLICATION
RALPH ZABRANNA; MR. FRANCIS;
ELIZABETH CURRAY; MR. WALSH;
THE TRANSPORT WORKERS UNION
100,
                Defendants.
——————————————————————X
ROSS, United States District Judge:

      *Pro se* plaintiff, Julius McIntyre, brought this employment discrimination action pursuant to Title VII of the Civil Rights Act, 4 U.S.C. §§ 2000e *et seq*, ("Title VII") and the American with Disabilities Act, 42 U.S.C. §§ 12112-12117, ("ADA") in the United States District Court for the Southern District of New York ("Southern District") on June 26, 2009. By Order dated July 15, 2009 ("Transfer Order"), the action was transferred to this Court by the Southern District. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. §1915 solely for the purpose of this Order. For the reasons set forth below, plaintiff's employment discrimination complaint regarding his employment with defendant from 1996 through 2002 is dismissed on the basis of *res judicata*. However, plaintiff is afforded thirty days to submit an amended complaint **solely** as to his claim of retaliation.

1

# STANDARD OF REVIEW

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

Because Plaintiff is *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

# BACKGROUND

The underlying events at issue in this complaint occurred while plaintiff was employed by the New York City Metropolitan Transportation Authority ("MTA") from 1996 through 2002. Plaintiff previously filed an employment discrimination action against the MTA regarding the same period of employment in this Court. McIntyre v. MTA New York City Transit Auth., No. 03 Civ. 5830 (ARR)(LB) (dismissed July 23, 2004). This action was dismissed pursuant to a stipulated settlement which stated that plaintiff "discontune[d] his employment discrimination claim against the MTA and "waive[d] all claims which were raised or which could have been

raised based on the facts alleged in the complaint and waive[d] any claims against any individuals or entities which could have been named in the complaint." Id. at dkt entry no. 16. Almost four years later, plaintiff moved to vacate the stipulated settlement; however, the Court adopted a report and recommendation that plaintiff's motion be denied on July 8, 2008. Id. Plaintiff filed another motion to vacate, and the Court denied that motion on April 24, 2009 and instructed plaintiff that "no further requests should be filed." Id. Instead, two months later, plaintiff submitted this new complaint in which he seeks to have the previous dismissal "over-ruled," Complaint at 6,[1] and to re-litigate the claims which have already been dismissed.

## DISCUSSION

A. Improper Forum for Appeal of 2004 Dismissal

To the extent plaintiff seeks to have the Court's previous dismissal "over-ruled" this is not the proper forum. A final decision of a district court may be reviewed by a higher federal court, the appeals court, if the losing party files a Notice of Appeal. Appeals from cases in this district are heard by the United States Court of Appeals for the Second Circuit. Here, plaintiff did not file a notice of appeal and the time for doing so has passed. Fed. R. App. P. 3, 4.

B. *Res Judicata*

Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action. See Allen v. McCurry, 449 U.S. 90, 94 (1980). It is clear that a

---

[1]The Court has paginated the complaint and its attachments for ease of reference since plaintiff has written on the backs of pages 2, 3 and 4 of the complaint and attached multiple documents.

3

dismissal, with prejudice, arising out of a settlement agreement operates as a final judgment for *res judicata* purposes. See, e.g., Samuels v. Northern Telecom, Inc., 942 F.2d 834, 836 (2d Cir. 1991); Nemaizer v. Baker, 793 F.2d 58, 60-61 (2d Cir. 1986).

Plaintiff submits to the Court a seven page complaint and twenty pages of attachments which restate his previous claims of employment discrimination. He does not raise any claims concerning his employment with the MTA that did not exist at the time of his previous action. To the extent that plaintiff seeks to raise claims that were or could have been raised in his previous action, they are barred by the doctrine of *res judicata*. Accordingly, the stipulation dismissing plaintiff's action against his former employer with prejudice bars this second action alleging violations of Title VII and the ADA and therefore, the complaint is dismissed.[2]

C. Retaliation

A prior judgment, however, "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 328 (1955). To the extent that plaintiff may seek to raise a claim of retaliation, he is afforded thirty days to submit an amended complaint to

---

[2] Moreover, this action is untimely. Although plaintiff attaches to his complaint a Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC") dated March 27, 2009, he challenges events from "4/1996 thr[o]u[gh] 4/2002," Complaint at 4, well outside the requirement that Title VII claims be filed with the EEOC within 300 days of the occurrence. See Butts v. NYC Dep't of Housing, Preservations & Dev. 307 F. App'x 596 (2d Cir. Jan. 26, 2009); Chen v. New York City Transit Authority, No. 01 CV 5281, 2003 WL 22125227 at *5 (E.D.N.Y. Sept. 15, 2003).

Plaintiff also names improper defendants since there is no individual liability under Title VII of the Civil Rights Act of 1964 or the American with Disabilities Act. Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir.2000) (individuals are not subject to liability under Title VII);; see also Fox v. State University of New York, 497 F.Supp.2d 446, 450 (E.D.N.Y. 2007) (there is no individual liability under the ADA or ADEA).

set forth that claim and to demonstrate that he has exhausted that claim.

Plaintiff selects "retaliation" as part of the discriminatory conduct of which he complains, Complaint at ¶ II(A), and among the bountiful hand-written additions with which plaintiff has augmented the complaint, there is a single reference to a possible claim of retaliation:

> Transit Authority is currently using the "Stipulation of Settlement" and "Order of Dismissal" Document against me to keep me un-employed, especially at the M.T.A./New York City Transit Authority.

Complaint at 5. Plaintiff states in his relief section that "I want to be fully considered for all future job assignments." Complaint at ¶ IV. In addition, plaintiff includes his letter to the United States Department of Justice, dated April 28, 2009, in which he primarily reiterates his claims of employment discrimination and objects to the resolution of his employment discrimination action, but then also alleges, on page five of the letter, that the MTA has prevented him from being hired for other jobs for which he applied in April 2009. Complaint at 21.

It is unclear from the complaint, however, whether plaintiff has exhausted his administrative remedies as to this claim. Generally, a plaintiff can only raise the same grounds of discrimination in his civil action filed in federal court as were presented to the Equal Employment Opportunity Commission (" EEOC") in the charge of discrimination. 42 U.S.C. § 2000e-5(f)(1); Francis v. City of New York, 235 F.3d 763, 768 (2d. Cir. 2000) (presentation of claim to the EEOC is not jurisdictional, but it is a precondition to bringing employment discrimination action in federal court). Plaintiff does not attach to his complaint the EEOC charge which he evidently filed in 2008, see Complaint at ¶ III(A), and so it is unclear if plaintiff has exhausted his administrative remedies as to his retaliation claim. Nor does the attached

March 27, 2009 Right to Sue letter from the EEOC specify either the date of the charge or the basis of the charge, only the Charge Number: 520-008-02558.

Accordingly, plaintiff is afforded thirty days to amend his complaint to allege a claim of retaliation. Plaintiff must show that he has exhausted his administrative remedies as required under Title VII. 42 U.S.C. § 2000e-5(e)(1); Weeks v. New York State (Div. Of Parole), 273 F.3d 76, 82 (2d Cir. 2001); Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). He must provide the date that he filed a charge with the EEOC regarding defendant's alleged retaliatory conduct and attach a copy of the Charge to the amended complaint.

## CONCLUSION

Accordingly, plaintiff's employment discrimination complaint, filed *in forma pauperis*, regarding his employment with the MTA from 1996 through 2002 is dismissed on the basis of *res judicata*. 28 U.S.C. § 1915(e)(2)(B)(ii).

However, plaintiff is afforded thirty days to submit an amended complaint as to a claim of retaliation, setting forth both his claim and his exhaustion of administrative remedies, including his EEOC Charge of discrimination. The amended complaint shall be submitted to the court within thirty days of the date of this Order and contain the same docket number as this Order. The amended complaint will completely replace the complaint.

No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed, judgment shall enter dismissing the complaint. Once submitted the complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
September 22, 2009

7

Service List

Julius McIntyre
889 Putnam Avenue
Brooklyn, NY 11221
718-452-7168
PRO SE